## MORRIS et al. v. SOUTHERN ICE CO.

(District Court, N. D. Georgia. February 21, 1914.)

1. TRIAL (§ 251*)—INSTRUCTIONS—CONFORMITY TO THEORY OF CASE.

In an action to recover damages for false representations as to the value of stock given in exchange for an industrial plant, where the case was tried on the theory that the plant was sold for $100,000 and that the sellers were induced to take one-half of the price in stock, and no claim was made that the plant was of less value than it was represented to be, an instruction authorizing the jury to take into consideration the value of the plant was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

2. FRAUD (§ 59*)—SALES OF CORPORATE STOCK—FALSE REPRESENTATIONS—MEASURE OF DAMAGES.

Where the sellers of an ice plant stated repeatedly they would not take less than $100,000, and the buyer was willing to give this sum, but induced the sellers to take a part thereof in stock in a corporation concerning the value of which it made false representations, the measure of recovery was the difference between the represented value and the real value of the stock, and the value of the ice plant was immaterial.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 60–62, 64; Dec. Dig. § 59.*]

3. NEW TRIAL (§ 41*)—HARMLESS ERROR—INSTRUCTIONS—"LEGAL FRAUD."

In an action for damages for false representations as to the value of stock given in exchange for property, conceding that it was error to read to the jury Civ. Code, Ga. 1910, § 4623, which provides that misrepresentation of a material fact made willfully to deceive or recklessly without knowledge, and acted on by the opposite party, or, if made by mistake and innocently and acted on by the opposite party, constitutes legal fraud, it did not injure defendant, where all the court said about it was that it had been requested to charge that section, and the jury had al-

ready been instructed that there must be willful misrepresentation as to the value of the stock.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 67–71; Dec. Dig. § 41.*

For other definitions, see Words and Phrases, vol. 5, p. 4063.]

4. FRAUD (§ 62*)—ACTIONS FOR DAMAGES—WEIGHT AND SUFFICIENCY OF EVIDENCE.

In an action for damages for false representations that stock of the par value of $50,000 given in exchange for property was worth its par value, evidence *held* to show that the stock was worth about 80 cents on the dollar, and hence a verdict for $15,000 was excessive to the extent of $5,000.

[Ed. Note.—For other cases, see Fraud, Dec. Dig. § 62.*]

At Law. Action by W. M. Morris and others against the Southern Ice Company. Verdict for plaintiffs, and defendant moves for a new trial. Motion granted, unless plaintiffs consent to reduce the verdict.

C. P. Goree and Westmoreland Bros., all of Atlanta, Ga., for plaintiffs.

Anderson & Rountree, of Atlanta, Ga., for defendant.

NEWMAN, District Judge. [1, 2] This motion for a new trial is based upon several grounds. The most important one, perhaps, is contained in the requests of the defendant which the court refused to give, which were based on the idea that, where a suit like this is brought to recover damages for false representations as to the value of stock given in exchange for an industrial plant, the jury should be allowed to find the value of the plant as an offset to the value of the stock given for, or in part for, the plant. I denied this request, and I think correctly so. The case was tried upon the idea advanced by the plaintiffs; that is, that they sold the East Atlanta Ice Company's plant to the defendant for $100,000, and the claim was, which was stated repeatedly, that they had said they would not take less than $100,000 in cash for the plant, and that afterwards they were induced to take $50,000 of this $100,000 in the preferred stock of the Southern Ice Company, then being organized. No claim whatever was made during the trial that the East Atlanta ice plant was of less value than it was represented to be. On the contrary, the statement appears in the record that they fully complied with their contract. Perhaps no statement was ever made that it was worth in cash the $100,000, but the case was tried upon the assertion that the amount to be paid by the defendant for this plant was $100,000, and that they took $50,000 of that $100,-000 in stock of the defendant upon the representations of the defendant, through its agent, Mr. Howe, that the stock was worth par in the market; that this was stated as a fact; and that said Howe further stated to the plaintiffs that they need not investigate it, but could rely upon his word for the truth of the statement, and this statement was false and known to be false.

Now, as stated, the whole case was tried upon this ground. When the court came to charge the jury, the requests with reference to the

right to show the value of the ice plant were handed to the court, and were then refused.

In the first place, I do not think that, where a case has been tried upon an entirely different line, it would be permissible to change the character of the case by a request such as this, made after the case is ended and the court is about to submit it to the jury, and no evidence having been offered on the subject. In the next place, I do not think that the case made here is one in which the evidence would have been admissible even if it had been suggested at the beginning of or during the trial. What the plaintiffs claimed was that they sold the plant for $100,000; taking, however, $50,000 of it in the preferred stock of the Southern Ice Company upon the distinct representation by the defendant that it was worth the $50,000 in the market. It was in a sense therefore claimed to be a purchase by them of $50,000 of the stock from the Southern Ice Company for $50,000, upon the representation that it was worth that amount, and the true measure of the recovery would be the difference between the par value of the stock and its real value at the time of this transaction. I do not think that the value of the ice plant had anything to do with the case. According to the plaintiffs' testimony the defendant was willing to give the $100,000 for it.

There was no exception whatever taken to the charge of the court in this respect, nor was there, indeed, any exceptions whatever to the charge as given.

[3] Another ground of the motion for a new trial is that the court read to the jury, at the request of counsel for the plaintiffs section 4623 of the Code of Georgia. All the court said about it was that it had been requested by the plaintiff to charge the section of the Code, which was then read, and the court said "that is the other section of the Code." I think it may be conceded that the reading of this section of the Code, certainly a part of it, to the jury was error. It was not excepted to by the defendant in any way whatever, nothing was said about it, and I think the instructions of the court before that to the jury were such that it could not have had any effect on the minds of the jury or any effect in causing the verdict which they returned. I had already instructed them that there must be willful misrepresentation of material facts to authorize a recovery, and had put the fact distinctly to them that the case turned upon the determination of the question made by the conflict between the testimony of Morris and Jenkins on the one hand and Howe on the other. The jury had already been instructed distinctly and clearly that in this case there must be willful misrepresentation of a fact and that fact was conceded to be as to the value of this preferred stock.

I do not believe the reading of this section of the Code, about which complaint is now made, in the way in which it was read to the jury, injured the defendant in any way whatever in this case.

I do not think any of the other grounds of the motion are meritorious as to the manner in which the case was tried or submitted to the jury. There is a matter, however, which is material, and that is the amount of the verdict.

[4] The whole record shows that the plaintiffs must have understood that the stock they were taking was in a company being then organized. Exactly when they got the stock does not appear from the record. The plaintiffs turned over the ice plant to the defendant company about the 1st of January, 1912. The receipt given by the Southern Ice Company for the property is dated in May, 1912. It seems to be a fair inference that, during the latter part of the winter and the spring of 1912, this trade was being finally consummated. Mr. Jenkins, one of the plaintiffs, places the value of the stock on the 1st of May at about 77 cents. This value would make the verdict $3,500 too much. And the testimony of Mr. Goulding Marr, introduced by the plaintiff, taken in Nashville November 10, 1913, shows that the stock was sold in March, 1912, as low as 77 and as high as 80½, and in April, 1912, as high as 84. A letter was put in evidence by the plaintiffs, written by J. H. Howe, from Nashville, Tenn., May 11, 1912, the last paragraph of which is as follows:

"You state in your letter that you understand some of it (referring to the preferred stock in question here) is selling in Atlanta for 80¢. No sales as low as this have come to my knowledge. At this time I would be glad to give that price for a hundred shares of it."

This evidence of the plaintiffs indicates that the stock at that time was worth at least 80 cents on the dollar in the market. Of course, this company being in course of organization, as stated, the plaintiffs could hardly have believed its value would be definitely fixed until it was issued and marketable. Mr. Jenkins evidently had his stock on hand on May 9, 1912, when he wrote to Mr. Howe, and, if the stock was then worth 80 cents, it could hardly have been worth very much less from the time it had any definite value. I think the fair value of this stock must be considered to have been, along about the time it was delivered to the plaintiffs, or from the 1st of January along up to May 11th, about 80 cents on the dollar. This would make the largest amount which the plaintiffs are entitled to recover $10,000. In my opinion the verdict, beyond such an amount as that valuation would authorize, is excessive, and not justified by the evidence. Putting the fair value of the stock at 80 cents would make a difference between this and the par value of the $50,000 of stock, $10,000.

If the plaintiffs will write off from their verdict $5,000 and allow it to stand for $10,000, the motion for a new trial will be overruled. Otherwise it must be granted upon the ground that the verdict, to the extent indicated, is excessive and unauthorized.